```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

     - v. -                       :        INFORMATION

GREGORY RORKE,                    :        15 Cr.

               Defendant.         :        15 CRIM 011

- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 08 2015

JUDGE FAILLA

## COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

### Relevant Individuals and Entities

1.  At all relevant times, Navagate, Inc. ("Navagate") was a privately held software company, founded by GREGORY RORKE, the defendant, in or about 2006, with its principal place of business in New York, New York. Navagate's primary product was a software solution called Agility Solution Suite.

2.  At all relevant times, GREGORY RORKE, the defendant, a former adjunct professor at Columbia Business School, was the co-founder, Chief Executive, and principal owner of Navagate. RORKE solicited investments and was engaged in the daily management and operation of Navagate. In approximately

2009, RORKE solicited investments for a convertible debt offering (the "Navagate Offering").

3.  At all relevant times, Middlebury Securities, LLC ("Middlebury") was a broker-dealer operated by Middlebury Group, LLC, with its principal place of business in Vermont and offices in New Jersey and Florida. GREGORY RORKE, the defendant, used Middlebury as the placement agent for the Navagate Offering.

### The Scheme to Defraud

4.  Beginning at least in or about December 2009, through in or about October 2014, GREGORY RORKE, the defendant, solicited more than $3 million in investor funds for the Navagate Offering based on false and misleading representations, including that (a) RORKE owned the assets he pledged in support of a personal guarantee he made to investors in the Navagate Offering, when in fact the majority of the assets in question belonged to his wife; and (b) RORKE had paid monies to the Internal Revenue Service ("IRS") in satisfaction of Navagate tax liabilities when in fact he had not and the liabilities were increasing.

### The Personal Guarantee

5.  Investors in the Navagate Offering were given subscription documents that included a personal guarantee (the "personal guarantee") in which GREGORY RORKE, the defendant, pledged more than $12 million in assets, including $1 million in

cash, a $1.4 million home/residence, and a "US Trust" account valued at $5 million (the "U.S. Trust Account"). The personal guarantee purported to be security to limit investors' risk in the Navagate Offering.

6. While GREGORY RORKE, the defendant, certified that all of the pledged assets belonged to him, the majority of the assets were actually held solely in the name of his wife, who never authorized RORKE to pledge them.

7. GREGORY RORKE, the defendant, used the personal guarantee as a sales tool. Investors made investment decisions based on the representation that RORKE had pledged significant personal assets to guarantee the Navagate Offering.

8. Moreover, GREGORY RORKE, the defendant, falsified documents which purported to represent that he owned the assets pledged in support of the personal guarantee, including by creating and emailing a doctored version of a statement from his wife's U.S. Trust Account, to make it appear that the account was in RORKE's name.

### Navagate Tax Liabilities

9. GREGORY RORKE, the defendant, also misrepresented the amount of Navagate's tax liabilities and claimed that he made payments to the IRS when he had not. For example, in October 2010, in an effort to fraudulently access investor funds held in an escrow account controlled by Middlebury, RORKE signed

3

a notarized affidavit indicating that he had sent a check to the IRS for $350,000, in purported satisfaction of outstanding tax liabilities, when in fact no such payment had been made and the tax liabilities actually were increasing.  Following RORKE's execution of the affidavit, monies held in escrow were released to RORKE.

## Statutory Allegation

10.  From at least in or about December 2009 through in or about October 2014, in the Southern District of New York and elsewhere, GREGORY RORKE, the defendant, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, RORKE engaged in a scheme to defraud investors by making material misrepresentations, and

4

distributing and causing to be distributed fraudulent and forged documents, to existing investors and potential investors in connection with a convertible debt offering for a company controlled by RORKE.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5.)

## COUNT TWO
### (Wire Fraud)

The United States Attorney further charges:

11.  The allegations contained in paragraphs 1 through 9 of this Information are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

12.  From at least in or about December 2009 through in or about October 2014, in the Southern District of New York and elsewhere, GREGORY RORKE, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and sounds for the purpose of executing such scheme and artifice to defraud, to wit, RORKE engaged in a scheme to defraud investors by making material misrepresentations, and distributing and causing to be distributed fraudulent and forged documents, to existing

investors and potential investors in a company controlled by RORKE, by interstate wire -- including emails describing and attaching fraudulent financial and/or tax statements, and emails to investors on various occasions, including to investors located in New York and in other states -- and other means.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATION

13. As the result of committing the offenses alleged in Counts One and Two of this Information, GREGORY RORKE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

### Substitute Asset Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of GREGORY RORKE, the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value;
or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of RORKE up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 981 and 982;
      Title 21, United States Code, Section 853;
      Title 28, United States Code, Section 2461.)

*Preet Bharara*

PREET BHARARA
United States Attorney

Case 1:15-cr-00011-KPF   Document 12   Filed 01/08/15   Page 8 of 8

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GREGORY RORKE,

Defendant.

INFORMATION

15 Cr.

(15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5; 18 U.S.C. §§ 1343 & 2)

PREET BHARARA
United States Attorney