F18drorc
                           Arraignment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

         v.                                  15 Cr. 00011 (KPF)

GREGORY RORKE,

                Defendant.

------------------------------x

                                             January 8, 2015
                                             10:41 a.m.

Before:

              HON. KATHERINE POLK FAILLA,

                                   District Judge

                          APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  MICHAEL FERRARA
     Assistant United States Attorney

SHER TREMONTE LLP
     Attorneys for Defendant
BY:  MICHAEL TREMONTE

1  THE CLERK: In the matter of the United States of
2  America against Gregory Rorke.
3  Counsel, please identify yourselves for the record.
4  MR. FERRARA: Good morning, your Honor. For the
5  government, Michael Ferrara.
6  MR. TREMONTE: Good morning, your Honor. Happy new
7  year. Michael Tremonte for the defendant Gregory Rorke.
8  THE COURT: Good morning to you, as well. And good
9  morning, Mr. Rorke.
10  All right. Mr. Tremonte, I have in front of me a
11  Waiver of Indictment and a copy of the Information. Do you
12  have both of those?
13  MR. TREMONTE: I have a copy of the Information, your
14  Honor. I do not have a copy of the Waiver of Indictment.
15  THE COURT: I'm going to ask my deputy to hand you the
16  copy that I have marked as Court Exhibit 1. Thank you.
17  MR. TREMONTE: May I approach? Is that easier?
18  THE COURT: Yes. Thank you.
19  (Pause)
20  And you said, Mr. Tremonte, you have a copy of the
21  Information?
22  MR. TREMONTE: I do, your Honor.
23  THE COURT: All right. If you can place both of those
24  documents in front of Mr. Rorke.
25  MR. TREMONTE: They are so placed.

1  THE COURT: All right. Thank you very much.
2  Actually, I want to do something as a housekeeping
3  matter beforehand.
4  Mr. Ferrara, can I have an understanding from you as
5  to when the government's investigation into this matter began?
6  MR. FERRARA: Oh, your Honor has asked me a question
7  that is not -- I apologize, your Honor. I got on this after it
8  started. The FBI agent is in the back. May I just briefly
9  consult with him?
10  THE COURT: Please. And, sir, just so you understand
11  why I'm asking, I would like to know whether it predates or
12  postdates March of 2013 because of the record I need to make
13  about conflicts.
14  MR. FERRARA: Understood, your Honor.
15  THE COURT: Thank you.
16  (Pause)
17  MR. FERRARA: Your Honor, having consulted with the
18  case agent, our office's investigation began the summer of
19  2013.
20  THE COURT: OK.
21  MR. FERRARA: Although he wanted to note, to be
22  complete, that the SEC had been investigating it prior to our
23  investigation.
24  THE COURT: Thank you very much.
25  Mr. Rorke, I will explain why I was asking those

1    questions.  I was confirmed as a judge in March of 2013.  Prior
2    to that I was the Chief of Appeals at the United States
3    Attorney's office, and early on in my tenure there were some
4    cases that I received in the assignment process as to which I
5    had consulted and I could not keep those cases.  I wanted to
6    ensure this was not one of them.  I now understand that it
7    began after I left so I could have had no involvement in its
8    investigation and so, therefore, there is no conflict, and that
9    was the important thing to realize.
10             All right, sir.  So what has been placed in front of
11   you, Mr. Rorke, are two documents.  One of them is the
12   Information, but before we get to that, what I would like to
13   look at first is the Waiver of Indictment form.  I have marked
14   that as Court Exhibit 1.
15             Mr. Rorke, is your signature on that document?
16             THE DEFENDANT:  It is.
17             THE COURT:  And before you signed it, did you read it?
18             THE DEFENDANT:  I did.
19             THE COURT:  And did you discuss it with Mr. Tremonte?
20             THE DEFENDANT:  I did.
21             THE COURT:  Did he explain to you the significance of
22   the document?
23             THE DEFENDANT:  He did.
24             THE COURT:  Did you understand, sir, that you are
25   under no obligation to waive indictment in this case?

1          THE DEFENDANT:  I understand.

2          THE COURT:  And do you understand, Mr. Rorke, that if

3  you do not waive indictment and the government wished to

4  prosecute you for these offenses, they would have to present

5  the case to a grand jury, which may or may not indict you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And I should have asked this question as a

8  preliminary matter.

9          Do you understand the concept of a grand jury?

10         THE DEFENDANT:  I do.

11         THE COURT:  Have you had occasion to talk to your

12  counsel about what a grand jury is?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you need me to provide additional

15  information or explanation about the concept of the grand jury?

16         THE DEFENDANT:  I think I'm in full understanding.

17         THE COURT:  All right.  Thank you, sir.

18         Mr. Tremonte, do you know of any reason why I should

19  not find that Mr. Rorke has knowingly and voluntarily waived

20  his right to be indicted by a grand jury?

21         MR. TREMONTE:  I can think of no such reason, your

22  Honor.

23         THE COURT:  Thank you, sir.

24         Mr. Ferrara, the same question.  Is there any reason

25  why I should not find he has waived?

1     MR. FERRARA:  No, your Honor.

2     THE COURT:  All right.  Mr. Rorke, based on the

3  discussions you and I have just had and my discussions with

4  each of counsel, I find that you have knowingly and voluntarily

5  waived your right to be indicted by a grand jury, and I will

6  authorize the filing of this Information, which will give it,

7  among other things, a docket number.

8     So proceeding now to the Information.  I will ask you,

9  please, to look at that, sir.

10    THE DEFENDANT:  Mm-hmm.

11    THE COURT:  And prior to these proceedings this

12  morning, did you see this Information?

13    THE DEFENDANT:  I did.

14    THE COURT:  And have you had an opportunity to read it

15  and to discuss it with your attorney?

16    THE DEFENDANT:  I did.

17    THE COURT:  Would you like me to read it aloud in open

18  court, or do you waive its public reading?

19    THE DEFENDANT:  I waive the public reading.

20    THE COURT:  How do you plead at this time, sir?

21    THE DEFENDANT:  Not guilty.

22    THE COURT:  Thank you, sir.

23    Mr. Ferrara, do we have all 70 days on the speedy

24  trial clock because we are just filing the Information this

25  morning?

1            MR. FERRARA:  That is correct, your Honor.

2            THE COURT:  May I have a sense from you, please, as to

3   what the discovery is in this case and what the government has

4   and has yet to produce to Mr. Rorke?

5            MR. FERRARA:  Yes, your Honor.  We produced nothing as

6   of today.

7            THE COURT:  OK.

8            MR. FERRARA:  What we have is a very large number of

9   what you would expect, which is sort of financial records,

10  things of that nature.  But we also have a lot of -- quite a

11  few emails.  The number is into the thousands of the number of

12  pages that we have of this material.

13           Luckily, or I will say, you know, thanks to the work

14  of the case agent and my colleague, Andrea Griswold, who is

15  currently out on maternity leave, we have all of that largely

16  centralized, so it won't take me too long to be able to burn

17  this onto a DVD or multiple DVDs to provide to Mr. Tremonte.

18           I was going to ask the Court for a month for discovery

19  only because coming into this case relatively recently, I just

20  want to make sure that there is not sort of straggler discovery

21  here and there.  So while it will not take me a month to

22  produce the bulk of the discovery -- I will be able to get that

23  out in a week or so -- I just want to be able to make sure I

24  have covered all of my bases and looked everywhere I should be

25  looking to make sure I haven't missed anything.

1  THE COURT:  OK.  Is the discovery currently in your
2  possession the discovery that was produced to Mr. Rorke in
3  connection with any of the SEC proceedings, or did those
4  proceedings not involve him?
5  MR. FERRARA:  The SEC material has been given to us,
6  yes.  We believe we have from the SEC what we ought to have,
7  and that will be part of what we produce -- in fact, the large
8  part of what we produce to Mr. Rorke.
9  THE COURT:  OK.  And I'm sorry if my question wasn't
10  very well phrased.  Do you know -- and I'm not saying this is
11  dispositive of anything -- but do you know whether this
12  material was produced to the defense in the context of any
13  civil matters?
14  MR. FERRARA:  I apologize.  If has not been.  We had
15  intervened.  My understanding is that it had not been, that we
16  had intervened to stay discovery in that proceeding.
17  THE COURT:  That is my next question.  Is there now an
18  SEC proceeding, an enforcement proceeding or administrative
19  proceeding in federal court?
20  MR. FERRARA:  I don't believe it is in federal court,
21  though Mr. Tremonte will correct me if I am wrong, but there is
22  definitely an administrative proceeding.  But I will let
23  Mr. Tremonte speak to it.  He will know better than I will.
24  THE COURT:  Thank you.  OK.
25  MR. TREMONTE:  There is an SEC proceeding in this

9
F18drorc
Arraignment

1   matter before an ALJ but not in federal court, your Honor.

2   THE COURT: OK. Is it the contemplation of the

3   parties that that proceeding will be stayed pending the

4   resolution of this proceeding?

5   MR. TREMONTE: That proceeding has been stayed upon

6   the motion of the government and with our consent. My

7   understanding is that the U.S. Attorney's office will produce

8   in this case everything available in the SEC matter. If that

9   is not the case, I would appreciate it if Mr. Ferrara could

10  raise that with me. But my understanding is we are going to

11  get everything that is otherwise discoverable in the SEC matter

12  from Mr. Ferrara's office.

13  THE COURT: All right. I appreciate that because I

14  guess this means -- well, I suppose I wouldn't have been

15  deciding this in the first instance, but there are judges in

16  this courthouse who do not believe in staying civil proceedings

17  pending the resolution of a related criminal proceeding in

18  cases of this type. The matter has not been -- I won't get to

19  decide it. But it is an interesting issue from my perspective

20  that, again, I won't actually have to contend with.

21  All right. Mr. Ferrara, are there victims under the

22  Crime Victim Rights Act?

23  MR. FERRARA: Yes, there are, your Honor.

24  THE COURT: And is there a procedure in place to make

25  them aware of proceedings in this case?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  MR. FERRARA: I understand that there is but I will
2  make certain of that. But, yes, I understand that that has
3  begun.
4  THE COURT: All right. Let me hear again from
5  Mr. Tremonte.
6  Mr. Tremonte, you heard from Mr. Ferrara about the
7  time that he believes is needed, and do you have a view about
8  the time that you would need to review this discovery and to
9  consider what you would like to do in this case and to have a
10  chance to review it with Mr. Rorke?
11  MR. TREMONTE: Yes, your Honor. Mr. Ferrara and I, I
12  should mention, have had very constructive conversations about
13  discovery. I think it is entirely appropriate to give a month
14  for the Government to make full production of discovery. We
15  have had some conversations about additional materials that the
16  government is in the process of looking into as a result of
17  those conversations. So we think that makes sense.
18  Given the volume of materials that we anticipate
19  receiving from the government, it is going to take us some time
20  to get through it. I think it makes sense under the
21  circumstances to afford us maybe 60 days after the completion
22  of the government's production, or after the month that the
23  government requested, so that would be a total of about 90 days
24  for the completion of production and review.
25  THE COURT: All right. I guess that is a little bit

1  perplexing to me because I understood prior to taking the bench
2  that the parties had suggested to my deputy that they return to
3  appear before me again in late February. Is that going to be a
4  conference at which nothing can be decided?
5          MR. TREMONTE: I think that is probably right, your
6  Honor. As often happens, actually standing up in front of your
7  Honor has sharpened our focus on the relevant timetable. And I
8  think it probably makes sense to push back, if that is
9  acceptable to the Court and if Mr. Ferrara agrees, beyond the
10 date that we had suggested, which I think was February 20th, to
11 a date closer to 90 days out.
12         THE COURT: All right. Mr. Ferrara, do you have any
13 issues with that?
14         MR. FERRARA: No, your Honor.
15         THE COURT: OK. How about April 8th at 3 o'clock?
16 Will that work for both parties?
17         MR. FERRARA: It is fine for the government, your
18 Honor.
19         THE COURT: OK.
20         MR. TREMONTE: Yes, your Honor. What day of the week
21 is that, if I may ask?
22         THE COURT: It is a Wednesday.
23         MR. TREMONTE: I'm trying to remember. I believe that
24 my middle-school-aged son's spring break concludes at the end
25 of the week before that so I think we are safe. Yes, your

1  Honor, that is fine.
2          THE COURT: OK. No trials of which you are aware,
3  sir?
4          MR. TREMONTE: No, your Honor.
5          THE COURT: All right, then. Then April 8th at 3 p.m.
6  So, Mr. Tremonte, just so I'm clear, right now today,
7  as you're sitting before me, you do not know whether you
8  contemplate making any motions?
9          MR. TREMONTE: I do not know, your Honor.
10         THE COURT: And it may be that sometime during that
11 90-day period the parties reach a resolution that would vitiate
12 the need for trial?
13         MR. TREMONTE: Yes, your Honor.
14         THE COURT: OK. Thank you very much.
15         MR. TREMONTE: Thanks a lot.
16         THE COURT: Mr. Ferrara, does the government have an
17 application?
18         MR. FERRARA: Yes, your Honor. The government moves
19 to exclude from today until April 8th from the operation of the
20 speedy trial clock pursuant to 3161(h)(7)(A). Your Honor has
21 heard the discovery here is voluminous, and the government is
22 in fact investigating some sort of defenses that Mr. Rorke has
23 raised which is requiring us to go back and sort of get more
24 documents, all of which we want to produce and want to give
25 defense ample time to review. We are also having productive

1     discussions towards a resolution of the case.  So for all of
2     those reasons -- to allow the government to collect and produce
3     discovery, to allow Mr. Rorke to contemplate motions -- the
4     government moves to exclude time until April 8.
5             THE COURT:  All right.  Mr. Tremonte, do you have a
6     view?
7             MR. TREMONTE:  I agree, your Honor.
8             THE COURT:  Thank you.  It is quite a long period of
9     time so I was a little bit reluctant to do it but I understand
10    the reasons for it.  And especially because I understand that
11    the government is going to ensure that all of the discovery
12    that it can produce is being produced, I will find that the
13    ends of justice served by excluding time between today's date
14    and the 8th of April outweigh the interests of the public and
15    of Mr. Rorke in having a speedy trial, because it will allow
16    Mr. Rorke and his counsel to review all of these materials.  It
17    will allow the government the opportunity to obtain or chase
18    down these other, first of all, either pieces of discovery that
19    might not be completely produced, to ensure, for example, that
20    the Commission has given to the government all of the discovery
21    that would be produced in connection with that case, and to
22    also determine if there is any other information that would
23    qualify or satisfy certain issues raised by the defense.  So
24    for all of those reasons I will exclude time between today and
25    the 8th.

1     May I understand, please, in sort of a short form,
2 what Mr. Rorke's conditions of bail are, because I presume the
3 parties are seeking to have those continued?
4     MR. FERRARA:  Yes, your Honor.  I was looking for the
5 order.  I apologize.
6     THE COURT:  Unfortunately, I don't have a docket
7 number yet so that was confusing things for me.
8     I do presume that Mr. Rorke is on bail at this time?
9     MR. FERRARA:  Oh, yes, he is, your Honor.  He is on
10 bail pursuant to a bond.  I just don't know the specifics of
11 it, and I apologize that I don't see the order here.  I am
12 happy to -- first off, we are not looking to change any of the
13 conditions.  I am happy to go back to my office, your Honor,
14 and I can find it on the docket sheet.  I apologize, I don't
15 have it here.
16     THE COURT:  That is OK.  I have the complaint and I
17 can go back and get the docket sheet from the complaint.  I
18 just can't access the docket sheet from this case because this
19 case hasn't been given a docket number yet.
20     Mr. Tremonte, if you have a recollection, I would be
21 happy to hear that.
22     MR. TREMONTE:  I have a recollection but I fear it may
23 be imperfect.
24     THE COURT:  All right.  There is a bond?
25     MR. TREMONTE:  There is a bond.

Arraignment

1       THE COURT:  Secured or unsecured?

2       MR. TREMONTE:  It is unsecured.  There are three
3  financially responsible persons who have come in and pledged to
4  serve as suretors.  And the conditions, I believe, are Southern
5  and Eastern Districts of New York.  I think there was a
6  relative in Connecticut, so I think the District of Connecticut
7  is also permissible.  I could be wrong about that but I am
8  pretty sure that is accurate.

9       THE COURT:  Regular pretrial supervision?

10      MR. TREMONTE:  Regular pretrial supervision.

11      THE COURT:  That is fine.  Thank you.

12      Mr. Ferrara, is there anything else to bring to my
13 attention in this proceeding?

14      MR. FERRARA:  No, your Honor.  Thank you.

15      THE COURT:  Thank you.

16      Mr. Tremonte, anything else?

17      MR. TREMONTE:  No, your Honor.  Thank you.

18      THE COURT:  All right.  Then I will see you in April,
19 if not sooner.  Thank you very much.

20      MR. FERRARA:  Have a good day, your Honor.

21      THE COURT:  You, too.

22                            - - -